IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSHUA TERRELL LOCKETT,

    Petitioner,

v.

                                          Civil Action No. 3:18CV325

HAROLD CLARK,

    Respondent.

## MEMORANDUM OPINION

Joshua Terrell Lockett, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his convictions in the Circuit Court for the City of Petersburg ("Circuit Court"). Following a jury trial in the Circuit Court, Lockett was convicted of second degree murder, use of a firearm to commit second degree murder, and manufacture of a controlled substance. In his § 2254 Petition, Lockett asserts:[1]

    Claim One:    "Lockett was denied his right to effective assistance of counsel under the Sixth Amendment ... when trial counsel [Susan Allen, Esq.,] failed to request a jury instruction on the lesser included offense of voluntary manslaughter." (§ 2254 Pet. 6.)

    Claim Two:    "Lockett was denied his right to effective assistance of counsel under the Sixth Amendment ... when counsel [Walter Harris, Esq.] failed to communicate a plea agreement to Mr. Lockett being offered to him by the Commonwealth." (*Id.* at 11.)

Respondent moves to dismiss on the ground that Claim Two is unexhausted and procedurally defaulted and that Claim One lacks merit. For the reasons set forth below, the Motion to Dismiss (ECF No. 8) will be DENIED WITHOUT PREJUDICE.

---

[1] The Court corrects the spelling, punctuation, and capitalization in the quotations from Lockett's submissions. The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system.

## I. Procedural History

After his jury trial, the Circuit Court sentenced Lockett to thirty-three years and one month of imprisonment. (ECF No. 10–2, at 2.) Lockett appealed, challenging *inter alia*, the sufficiency of the evidence with respect to his conviction for second degree murder. (ECF No. 10–3, at 3.) In rejecting that challenge, the Court of Appeals of Virginia summarized the evidence as follows:

> Appellant admitted he shot and killed the victim. At trial, he testified that he did not see the victim holding a gun, but he stated "it appeared to me that [the victim] was maybe brandishing a weapon" at the time appellant shot him. After the shooting, appellant fled the scene. Appellant also admitted he told numerous lies to the police in his statement.
> Other witnesses testified they did not see the victim in possession of a firearm on the night of the shooting. In addition, prior to the shooting, appellant and the victim had an encounter during which the victim saw appellant talking to the victim's girlfriend, Indya Greene. Sharasha Branch testified the victim asked Greene why she was talking to appellant, then he left in a car. Branch testified appellant said he did not like the way the victim looked at him. Philicia Chambliss testified appellant said if the victim looked at him like that again, appellant would "lay him down," and "he won't get back up." Chambliss also testified appellant said, "I'm going to bust a cap in his ass," referring to the victim. Another witness testified appellant said he "was going to put a bullet in [the victim], and he won't get back up." After making these remarks, on that same evening, appellant shot the victim twice with one bullet striking the victim in the chest.

(*Id.* at 4 (alterations in original).) Thereafter, the Supreme Court of Virginia refused Lockett's petition for appeal. (ECF No. 10–4.)

On September 1, 2016, Lockett filed a petition for a writ of habeas corpus in the Circuit Court, wherein he raised Claim One of the present § 2254 Petition. (ECF No. 10–7, at 2.) On or about December 12, 2016, Respondent filed a Motion to Dismiss the state habeas petition (ECF No. 10–6, at 1) and attached to the Motion to Dismiss an affidavit from Susan E. Allen, Esq., who represented Jones at trial. (*Id.* at 19–26.) In that affidavit, Ms. Allen noted that Walter Harris, Esq., with the Petersburg Public Defender's Office had previously represented Lockett on the instant criminal charges. (*Id.* at 25.) Ms. Allen represented that Mr. Harris informed her that

2

Lockett previously rejected a plea offer from the prosecution for "a plea for 20 years." (*Id.*) This information provides the basis for Claim Two in the present § 2254 Petition.

On January 5, 2017, the Circuit Court denied the state petition for a writ of habeas corpus. (ECF No. 10-7, at 9.) Lockett appealed. (ECF No. 10-8.) On February 26, 2018, the Supreme Court of Virginia refused the petition for appeal in a summary order. (ECF No. 10-9.)

## II. Exhaustion and Procedural Default

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review),

3

thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). Fair presentation demands that "both the operative facts and the controlling legal principles" must be presented to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n. 1).[2] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental

---

[2] In this instance, even though the claim has not been fairly presented to the Supreme Court of Virginia, that court would find the claim procedurally barred. Because a petitioner could not now raise his claims in the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

4

miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989).

Here, Respondent notes that Lockett failed to raise Claim Two in his state habeas proceedings, so that claim is unexhausted. Respondent further argues that Claim Two is defaulted because when Locket learned of the factual basis of this claim, he could have moved to amend his state habeas petition to raise the claim, but he did not do so. Respondent contends that if Lockett now attempted to raise Claim Two in the Supreme Court of Virginia in a habeas petition, that habeas petition would be barred as successive pursuant to section 8.01–654(B)(2) of the Virginia Code,[3] and as untimely pursuant to section 8.01–654(A)(2) of the Virginia Code.[4]

Virginia's statute of limitations for habeas actions and the bar on successive habeas petitions are generally adequate and independent procedural rules. *See Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000); *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006). "However, the fact that a state procedural rule is adequate in general does not answer the question of whether the rule is adequate as applied in a particular case." *Reid v. True*, 349 F.3d 788, 805

---

[3] This statute provides, in relevant part:

> Such petition shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.

Va. Code Ann. § 8.01–654(B)(2) (West 2019).

[4] This statute provides, in relevant part:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01–654(A)(2) (West 2019).

(4th Cir. 2003) (citing *Brown v. Lee*, 319 F.3d 162, 170 (4th Cir. 2003)). "A state rule is 'adequate' if it is firmly established and regularly or consistently applied by the state court . . . ." *Brown*, 319 F.3d at 169 (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)). In making this adequacy determination, courts ask "whether the particular procedural bar is applied consistently to cases that are *procedurally* analogous." *McCarver v. Lee*, 221 F.3d 583, 589 (4th Cir. 2000).

Here, Respondent fails to cite cases showing that the Virginia courts have regularly and consistently applied section 8.01–654(B)(2) and section 8.01–654(A)(2) of the Virginia Code to bar habeas petitions when the petitioner only learned of the facts supporting the claim during a prior state habeas proceeding. *See Jones*, 591 F.3d at 716 (citing cases for the proposition that "the burden rests with a state to prove the adequacy of the relied-on procedural bar"). Additionally, Respondent fails to explain why any default of Claim Two would not be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012). *See id.* at 21–22 (Scalia, J., dissenting) (observing that "as a consequence of today's decision the States will *always* be forced to litigate in federal habeas, for all defaulted ineffective-assistance-of-trial-counsel claims (and who knows what other claims) . . . the validity of the defaulted claim (where collateral-review counsel was not appointed)"). Accordingly, Respondent's Motion to Dismiss will be DENIED WITHOUT PREJUDICE with respect to Claim Two.

### III. Applicable Constraints on Federal Habeas Review

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted

only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court emphasizes that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### IV. Claim One – Alleged Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective

7

assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

Here, in Claim One, just like he did on state habeas, Lockett faults trial counsel for failing to proffer a jury instruction for voluntary manslaughter. On state habeas in the Circuit Court, however, both the Respondent's Motion to Dismiss and the Circuit Court's Order dismissing the state habeas petition incorrectly referred to the requested instruction as *involuntary* manslaughter. (*See, e.g.*, ECF No. 10–6, at 6; ECF No. 10–7, at 6.)[5] Respondent acknowledges this error, but contends that "while there are differences between voluntary and involuntary manslaughter, they do not impact the logic underlying the circuit court's denial of Lockett's claim under the facts of the case." (ECF No. 10, at 3 n.1.) Thereafter, Respondent argues why the Circuit Court's dismissal of Claim One was reasonable while making some minor concessions in footnotes as to distinction between voluntary and involuntary manslaughter. (*See, e.g.*, ECF No. 10, at 13 n.3; *id.* at 14 n.4.)

Contrary to Respondent's contention, under the facts of this case, there is a significant difference between the failure to request an involuntary manslaughter instruction and the failure to request a voluntary manslaughter instruction. In Virginia, "[v]oluntary manslaughter is defined as an intentional killing committed while in the sudden heat of passion upon reasonable provocation." *Turner v. Commonwealth*, 476 S.E.2d 504, 506 (Va. Ct. App. 1996) (citation omitted), *aff'd*, 492 S.E.2d 447 (Va. 1997). "[T]he crime of common law involuntary manslaughter has two elements: 1) the accidental killing of a person, contrary to the intention of the parties; and 2) the death occurs in the defendant's prosecution of an unlawful but not felonious act, or in the defendant's improper performance of a lawful act." *West v. Dir. of Dep't of Corr.*,

---

[5] Trial counsel's affidavit correctly referred to the requested instruction as pertaining to voluntary manslaughter. (ECF No. 10–6, at 19–26.)

639 S.E.2d 190, 195 (Va. 2007) (citations omitted). Lockett's own testimony indicated that he intended to kill the victim, thus an involuntary manslaughter instruction would not have been appropriate.

Respondent, however, has provided only superficial argument as to why the failure to request a voluntary manslaughter instruction was reasonable and why Lockett was not prejudiced by the failure to request the same. The Supreme Court of Virginia has concluded that:

> [i]n a given situation, the accused, without producing evidence, may be entitled to an instruction on manslaughter, or even to a verdict on that lesser charge, if it can reasonably be inferred from the Commonwealth's evidence that he acted in the heat of passion. Where the Commonwealth's evidence does not permit such an inference, however, the burden of production shifts to the accused. But when he produces some credible evidence that he acted in the heat of passion, he is entitled to an instruction on manslaughter and also, if the evidence as a whole raises a reasonable doubt that he acted maliciously, to a verdict on the lesser charge of homicide.

*Lee v. Clarke*, 781 F.3d 114, 123 (4th Cir. 2015) (quoting *Hodge v. Commonwealth*, 228 S.E.2d 692, 697 (Va. 1976)). Given the present briefing, the Motion to Dismiss will be DENIED WITHOUT PREJUDICE with respect to Claim One.

## V. Conclusion

The Motion to Dismiss (ECF No. 8) will be DENIED WITHOUT PREJUDICE. Within forty-five (45) days of the date of entry hereof, Respondent shall file a further response to Claims One and Two. Such response may raise any procedural defense, but also must address the merits of Claims One and Two and explain why such claims are subject to dismissal under a *de novo* standard of review. To the extent that Respondent requires the Court's assistance in obtaining information and documents from Lockett's former counsel, he should promptly file the appropriate motion.

The Motion to Substitute Attorney (ECF No. 7) will be GRANTED. John Jones, IV, Esq., will be SUBSTITUTED as counsel for Respondent.

An appropriate Order shall issue.

Date: 11 March 2019
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge